RECEIVED
IN LAKE CHARLES, LA
FEB 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:03 CR 20091-002 05 CV 2028 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HERIBERTO MORALES | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 [doc. 79] filed by the defendant, Heriberto Morales[1]. This motion has been opposed by the Government.

Procedural History

On October 5, 2003, a federal grand jury returned a two-count indictment against the defendant, Heriberto Morales ("Morales") and David Lara. Count 1 charged them with conspiracy to escape from federal prison. Count 2 charged them with escape in violation of 18 U.S.C. § 1751(a).[2]

On June 20, 2004, pursuant to a written plea agreement, Morales pleaded guilty to Count 1. On December 1, 2004, Morales was sentenced to 18 months imprisonment. The sentence was ordered to run consecutively to any sentence he was then serving. The defendant was ordered to pay

---

[1] The defendant filed this § 255 motion as "Gilberto Garcia Moralez, Artificial Man."

[2] See Indictment, Rec. doc. 1.

relief under § 2255."[5]

Morales is attacking the validity of his special assessment. He does not assert, however, that he has the right to be released from custody, as required by 28 U.S.C. § 2255.[6] In short, he has no § 2255 claim.

Additionally, Morales has raised this argument previously in the Motion for a Certificate of Appealability [doc. 76], Motion to be Constitutionally Resentenced [doc. 71], and the two Motions to Vacate Exemptions [docs. 69 and 75]. The court has addressed this argument and the "doctrine of the law of the case" provides that a court shall not relitigate issues that have been previously decided.[7]

Accordingly, the defendant's §2255 motion will be denied.

Furthermore, in view of the number of frivolous and incomprehensible pleadings filed by this defendant, the Clerk of Court will be ordered to accept no further pleadings from Mr. Morales.

Lake Charles, Louisiana, this 16 day of February, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] *See also Smullen*, 94 F.3d at 26 (citing the same "congruen[ce]" rationale for disallowing challenges to restitution orders in § 2255 petitions); *Kaminski v. U.S.*, 339 F.3d 84 (2003), 88 -89 (C.A.2 (N.Y.), 2003).

[6] *See Blaik v. United States.*, 161 F.3d 1341, 1343 (11th Cir.1998)

[7] *United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996).