UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:03-CR-20091-02** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HERIBERTO MORALES (02)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Compassionate Release [doc. 116] filed by Heriberto Morales. Mr. Morales seeks home confinement based on his age and health history, in light of the COVID-19 pandemic. The government opposes the motion and Mr. Morales has filed a reply. Docs. 119, 120.

### I.
#### BACKGROUND

Mr. Morales is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Yazoo City, Mississippi. He is serving an eighteen-month term of imprisonment for conspiracy to escape from a federal prison, a violation of 18 U.S.C. § 371. That sentence was imposed by this court on November 30, 2004, but was ordered to run consecutive to the term that Mr. Morales was already serving. *See* docs. 66, 67. Accordingly, his anticipated release date is June 2022.

Mr. Morales now requests release to home confinement, arguing that he has served the majority of his combined terms, will soon be eligible for release to a residential re-entry center, and is at an increased risk of contracting COVID-19 due to his age (56) and

preexisting health conditions. Doc. 116. The government opposes the motion, arguing that the court lacks authority to order home confinement even under the current pandemic. Doc. 119. In his reply, Mr. Morales also argues that the risks created by the pandemic amount to a violation of his rights under the Eighth Amendment. Doc. 120.

## II.
## LAW & APPLICATION

The Director of the Bureau of Prisons may authorize home confinement for the shorter of ten percent of an inmate's term of imprisonment or six months. 18 U.S.C. § 3624(c). Under the CARES Act of 2020, Congress has also lengthened the maximum amount of time an inmate may be placed on home confinement. Pub. L. 116-136, § 12003(b)(2). Decisions regarding inmate designations, however, are exclusively reserved to the BOP and are not subject to judicial review. *See* 18 U.S.C. § 3621(b). Accordingly, as several courts have recently recognized, the district court has no authority to order home confinement under the CARES Act. *E.g.*, *United States v. Read-Forbes*, 2020 WL 1888856 (D. Kan. Apr. 16, 2020); *United States v. Engleson*, 2020 WL 1821797 (S.D.N.Y. Apr. 10, 2020); *United States v. Hembry*, 2020 WL 1821930 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 180288 (S.D. Ind. Apr. 9, 2020). This request is therefore denied.

As for Mr. Morales's claims of constitutional violations, these represent a challenge to the conditions of his confinement. Such claims should generally be raised within a *Bivens* action. *E.g.*, *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007); *see also Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not

available to review questions unrelated to the cause of detention.") Recently some courts have allowed petitioners to seek habeas relief based on COVID-19, though others within this circuit reject the mechanism. *See Livas v. Myers*, __ F.Supp.3d __, 2020 WL 1939583, at *8 & n. 12 (W.D. La. Apr. 22, 2020); *Sanchez v. Brown*, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) (collecting cases).

At any rate, venue in a *Bivens* suit is governed by 28 U.S.C. § 1391(b). *See Stafford v. Briggs*, 444 U.S. 527, 542–45 (1980). It would therefore be most proper in the United States District Court for the Southern District of Mississippi, which encompasses FCI Yazoo City, and is unlikely to be proper in this district under any set of facts. Likewise, § 2241 petitions must be filed in the district of the prisoner's incarceration. *Lee v. Wetzel*, 244 F.3d 370, 373–74 (5th Cir. 2001). Accordingly, any request for relief based on Mr. Morales's Eighth Amendment claims must be addressed to the district court with jurisdiction over his place of incarceration.

### III.
#### CONCLUSION

For the reasons described above, Mr. Morales's Motion for Release to Home Confinement [doc. 116] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**